**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

OLAJUWON HICKS
ADC #122781                                                                                              PLAINTIFF

V.                                        1:09CV00011 BSM/JTR

BRENT BUTTS, Sergeant
Grimes Unit, Arkansas Department of Correction
DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Olajuwon Hicks, a prisoner in the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants failed to provide him with adequate mental health care while he was in the Grimes Unit. *See* docket entries #2 and #10. Defendants have filed a Motion for Summary Judgment, two Briefs in Support, and a Statement of Undisputed Facts. *See* docket entries #31, #32, #33, and #36. Although he has been given the opportunity to do so, Plaintiff has *not* filed a Response and a Statement of Disputed Facts.[1] The time for doing so has expired. Accordingly, all of the facts set forth in Defendants' summary judgment papers are deemed admitted pursuant to Local Rule 56.1(c).

---

[1] On November 23, 2009, the Court entered an Order directing Plaintiff to file, within thirty days, a Response to Defendants' Motion for Summary Judgment and a Statement of Disputed Facts. *See* docket entry #34. Importantly, the Court advised Plaintiff that if he failed to timely do so, all of the facts set forth in Defendants' summary judgment papers would be deemed admitted pursuant to Local Rule 56.1(c). *Id.*

## II. Admitted Facts

Plaintiff began his incarceration at the Grimes Unit in July of 2008. *See* docket entries #33 and #36. Over the next several months, he was seen by mental health personnel, who are not Defendants in this action, *numerous* times for complaints of depression. *Id.* Those mental health providers determined that Plaintiff did not need to be medicated or placed in segregation. *Id.*

On January 23, 2009, Plaintiff handed Defendant Sergeant Brent Butts an emergency grievance stating that he felt suicidal, and that he wanted medication and to be placed in segregation. *See* docket entry #36, Ex. 10. Defendant Butts delivered the grievance to medical/administrative personnel, who ultimately denied it on the merits. *Id.*

On Saturday, January 24, 2009, Defendant Butts came by Plaintiff's cell and asked how he was feeling. *See* docket entry #36, Ex. 9. Plaintiff told him "don't even worry about it." *Id.* at 3. Nevertheless, Defendant Butts called the mental health staff, who said they would see Plaintiff on Monday, January 26, 2009. *See* docket entry #33, Ex. 5. At the Warden's instructions, Defendant Butts also immediately placed Plaintiff on suicide watch until he could be evaluated by the mental health staff. *Id.*

On January 26, 2009, mental health staff evaluated Plaintiff and determined that he was not suicidal and that he did not need to be placed on medication or in segregation. *See* docket entries #33 and #36. Accordingly, Plaintiff was immediately taken off suicide watch. *Id.*

## III. Discussion

In his Complaints and deposition testimony, Plaintiff alleges that Defendant Butts and Defendant Justin Parker, Defendant Butt's supervisor, violated ADC policy and were deliberately indifferent to his serious medical needs when they failed to: (1) respond to his January 23, 2009

emergency grievance within 24 hours; and (2) check him every fifteen minutes while he was on suicide watch.[2] *See* docket entries #2, #10, and #36 at Ex. 9.

The Court concludes that Defendants are entitled to summary judgment on each of these claims.

**A.     Failure to Exhaust Administrative Remedies**

Plaintiff filed three grievances, each of which were denied. *See* docket entry #33, Exs. 5 and 6; docket entry #36, Ex. 10.   However, he did not obtain a final appellate ruling on any of those three grievances until *after* he commenced this lawsuit on March 3, 2009. *Id.*

It is well settled that a prisoner must *fully* exhaust his administrative remedies *prior* to filing a § 1983 claim in federal court. *See* 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  Thus, Defendants are entitled to have all of Plaintiff's claims dismissed, *without prejudice*, due to his failure to exhaust these claims. *Id.*

**B.     Failure to Create a Genuine Issue of Material Fact**

Defendants do not specifically admit or deny whether they violated ADC polices by failing to respond to the emergency grievance within 24 hours or check Plaintiff every fifteen minutes while he was on suicide watch.[3] However, it is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844,

---

[2] In his deposition, Plaintiff *admitted* that he did not have a claim against Defendant Lieutenant Christopher Brandon, and that he should be dismissed from this action. *See* docket entry #36, Ex. 9 at 11-12.

[3] Plaintiff filed his emergency grievance at approximately 3:00 p.m., on January 23, 2009. *See* docket entry #36, Ex. 10. Defendant Butts responded to that grievance at an *unspecified time* on January 24, 2009. Thus, it is impossible to determine whether he did so within 24 hours.

847 (8th Cir.2003); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996).

Furthermore, Plaintiff conceded in his deposition that he *was not harmed* by Defendants' alleged failure to respond to his emergency grievance within 24 hours and/or check him every fifteen minutes while he was on suicide watch. *See* docket entry #36, Ex. 9 at 12-14. Thus, he has no standing to bring an inadequate medical care claim against Defendants. *See Johnson v. State of Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998); *Brouhard v. Lee,* 125 F.3d 656, 661 (8th Cir. 1997) (explaining that, to establish standing, a party must have suffered an "injury-in-fact," fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision).

Finally, in order to prevail on an inadequate medical care claim, a prisoner must prove that: (1) he had an objectively serious medical need; and (2) prison officials subjectively knew of, but deliberately disregarded, that serious medical need. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Gregoire v. Class*, 236 F.3d 413, 417-18 (8th Cir. 2000); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Although he has been given the opportunity to do so, Plaintiff has failed to come forward with *any evidence* establishing that he had a serious need for mental health treatment on January 23, 2009. To the contrary, just three days later, on January 26, 2009, mental health personnel determined that Plaintiff *did not* need medication or to be placed on suicide watch.

Additionally, it is *undisputed* that Defendants responded to Plaintiff's emergency grievance by consulting mental health staff, scheduling a mental health evaluation, and placing Plaintiff on suicide watch. Plaintiff has not come forward with *any* evidence demonstrating that his mental condition was worsened or adversely affected by any alleged delay in taking these actions. *See Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (explaining that, in order to defeat summary judgment, a prisoner must come forward

with verifying medical evidence establishing the detrimental effect of the alleged delay in medical treatment). Accordingly, Defendants are entitled to judgment, as a matter of law, on Plaintiff's inadequate medical care claims and these claims should be dismissed, with prejudice.

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #31) be GRANTED, and this case be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 5th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE